2014 UT App 258

## THE UTAH COURT OF APPEALS

TOTAL RESTORATION, INC.,
Plaintiff and Appellee,
*v.*
VERNON MERRITT AND SANDRA MERRITT,
Defendants and Appellants.

Opinion
No. 20120785-CA
Filed October 30, 2014

Third District Court, Silver Summit Department
The Honorable Keith A. Kelly
No. 090500905

Vernon Merritt and Sandra Merritt, Appellants
Pro Se

Dana T. Farmer, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and JOHN A. PEARCE concurred.

CHRISTIANSEN, Judge:

¶1      Vernon and Sandra Merritt appeal from the trial court's
determination that a mechanics' lien that Total Restoration, Inc.
recorded against the Merritts' home was valid and enforceable.
Total Restoration recorded the lien after a dispute arose over
payment for flood-remediation work that Total Restoration had
performed on the home. The Merritts argue that the work Total
Restoration performed was not lienable work under the mechanics'
lien statute and that the district court erred in ruling that the lien
was enforceable, awarding attorney fees to Total Restoration, and
dismissing the Merritts' counterclaims.

¶2    Because we conclude that the work Total Restoration performed was not lienable, we reverse the trial court's determination that the lien was valid and reverse the award of attorney fees to Total Restoration under the mechanics' lien statute. We also reverse the trial court's dismissal of the Merritts' counterclaims to the extent that dismissal was based on the erroneous determination that the lien was valid, and we remand to the trial court for consideration of those claims.

BACKGROUND

¶3    In late 2008, the Merritts' home was damaged by flooding after a fire-sprinkler pipe and sprinkler head froze and cracked. The Merritts' property manager hired Total Restoration to repair the fire-sprinkler system and perform flood-remediation work on the home. Total Restoration removed water-damaged baseboards, carpet pad, drywall, and insulation from the home, dried the premises, cleaned the carpets, and applied an anti-microbial agent to prevent mold growth. Total Restoration also hired a subcontractor to repair the fire-sprinkler system and return it to service.

¶4    The Merritts did not pay Total Restoration for its work. Total Restoration recorded a mechanics' lien against the Merritts' home and then filed suit against the Merritts for breach of contract, unjust enrichment, and foreclosure of its mechanics' lien. The Merritts counterclaimed for breach of contract, breach of the covenant of good faith and fair dealing, abuse of lien right, and wrongful lien.

¶5    The trial court held a bench trial and received evidence on the contractual relationship between the parties, the extent of the damage to the Merritts' home, and the nature and value of Total Restoration's work. After trial, the court found the Merritts liable for unjust enrichment and awarded damages to Total Restoration. The court also found that the work performed by Total Restoration amounted to "extensive repairs" that were lienable under the mechanics' lien statute. Accordingly, it ruled that Total

Restoration's lien was valid and awarded Total Restoration attorney fees as the successful party in an action to enforce a mechanics' lien.

¶6     The trial court dismissed the Merritts' counterclaims for abuse of lien right and wrongful lien based upon its determination that the lien was valid. The trial court also dismissed the Merritts' counterclaim for breach of the covenant of good faith and fair dealing to the extent it was based on the recording of the lien. The court then found that Total Restoration had not violated any contractual terms or breached the covenant of good faith and fair dealing in performing its work or in billing the Merritts. The Merritts appeal the trial court's determination that Total Restoration's lien was valid, the award of attorney fees, and the dismissal of their counterclaims that were premised on their claim that the lien was invalid.

ISSUES AND STANDARDS OF REVIEW

¶7     The Merritts first challenge the trial court's conclusion that the work performed by Total Restoration is lienable under Utah's mechanics' lien statute and that the lien was therefore valid. We review the trial court's interpretation of the mechanics' lien statute for correctness. *All Clean, Inc. v. Timberline Props.*, 2011 UT App 370, ¶ 5, 264 P.3d 244.

¶8     The Merritts next argue that the trial court erred in awarding attorney fees to Total Restoration under the mechanics' lien statute. We review for correctness a trial court's determination that a party is entitled to recover attorney fees. *Hartwig v. Johnsen*, 2008 UT 40, ¶ 6, 190 P.3d 1242.

¶9     Last, the Merritts argue that the trial court erred in dismissing their lien-related counterclaims. Where claims are dismissed after a bench trial for failure to establish a prima facie case, we review the trial court's dismissal of the claims for correctness. *Sorenson v. Kennecott-Utah Copper Corp.*, 873 P.2d 1141, 1144 (Utah Ct. App. 1994).

ANALYSIS

I. The Work Performed by Total Restoration Is Not Lienable
Under the Mechanics' Lien Statute.

¶10    The Merritts argue that the repair and flood-remediation work Total Restoration performed is not lienable under the mechanics' lien statute, because it does not constitute an improvement to the property. We agree. Utah's mechanics' lien statute provides, in relevant part,

> Contractors, subcontractors, and all persons performing any services or furnishing or renting any materials or equipment used in the construction, alteration, or improvement of any building or structure or improvement to any premises in any manner . . . shall have a lien upon the property upon or concerning which they have rendered service, performed labor, or furnished or rented materials or equipment . . . .

Utah Code Ann. § 38-1-3 (LexisNexis 2005). "[T]he word 'improvement' in the mechanics' lien context does not refer simply to any work that makes the premises better." *All Clean, Inc. v. Timberline Props.*, 2011 UT App 370, ¶ 14, 264 P.3d 244. "Rather, 'improvement' is a legal term that has been construed to connote physical affixation and enduring change to premises in a manner that adds value." *Id.* Thus, "physical affixation and enduring change are the primary characteristics of lienable work." *Id.* ¶ 18. And "mitigation work that merely involves cleanup or remediation to return the property to its precasualty condition and that does not implicate any physical affixation to or alteration of the structure of the building or the premises" is not lienable under the statute. *Id.* ¶ 15.

¶11    In *All Clean, Inc. v. Timberline Properties*, this court determined that flood-remediation work similar to that performed by Total Restoration was not lienable. *See* 2011 UT App 370, ¶ 19, 264 P.3d 244. There, a broken pipe flooded several offices in

Timberline's building. *Id.* ¶ 2. Timberline hired All Clean to perform flood-remediation work. *Id.* "The scope of the work included extracting the water, padding the furniture to prevent additional damage, drying the premises, cleaning and deodorizing the carpets, and applying a microbial agent to prevent mold." *Id.* After a dispute arose over payment for the work, All Clean recorded a mechanics' lien against the building and then filed a complaint seeking to foreclose the mechanics' lien, among other claims. *Id.* ¶¶ 3–4. The district court rejected All Clean's mechanics' lien claim, concluding that All Clean's work was not lienable under the statute. *Id.* ¶ 4. We affirmed, holding that "mitigation work that merely involves cleanup or remediation to return the property to its precasualty condition and that does not implicate any physical affixation to or alteration of the structure of the building or the premises cannot be" lienable under the mechanics' lien statute. *Id.* ¶ 15. Because All Clean's work "restored the building to its prior condition only by removing water and otherwise cleaning up from flooding" and "did not involve any affixation to the premises or structural change to the building," that work did not fall within the scope of the mechanics' lien statute. *Id.* ¶¶ 17–19.

¶12 This court has also considered whether the repair of frozen water pipes constitutes lienable work. In *Daniels v. Deseret Federal Savings & Loan Ass'n*, we determined that a contractor's inspection and repair of frozen water pipes did not extend the period for recording a mechanics' lien. 771 P.2d 1100, 1102 (Utah Ct. App. 1989). Approximately four months after completing construction on a condominium project, Daniels, the general contractor, was called to inspect and repair several frozen water pipes in the condominiums. *Id.* at 1101. Daniels inspected the pipes and hired subcontractors to perform repairs. *Id.* Shortly thereafter, Daniels recorded a notice of lien against the project and attempted to foreclose it. *Id.* The district court granted summary judgment against Daniels, concluding that the inspection and repair of the water pipes constituted "mere[] repairs" that could not extend the time to record a mechanics' lien. *Id.* at 1102. We affirmed, agreeing with the district court that the inspection and repair of the pipes did not extend the time period for recording a mechanics' lien,

because "the inspection and repairs undertaken by Daniels . . . were not services used in the construction, alteration, or improvement of the building, nor did the services add directly to the value of the property." *Id.*

¶13　The work Total Restoration performed here amounts to no more than flood-remediation and minor repairs that are not lienable under the mechanics' lien statute. Total Restoration removed a substantial amount of water-damaged material from the home, hired a subcontractor to repair the fire-sprinkler system, and dried and cleaned the premises after the flood. None of the work Total Restoration performed involved "physical affixation" or "alteration of the structure" of the Merritts' home that would constitute a lienable "improvement." *All Clean*, 2011 UT App 370, ¶¶ 14–15. Rather, the removal of water-damaged debris and the drying and cleaning of the premises is "mitigation work that merely involves cleanup or remediation to return the property to its precasualty condition." *Id.* ¶¶ 15, 18. And the "mere[] repair" of the fire-sprinkler system is likewise nonlienable. *Daniels*, 771 P.2d at 1102.

¶14　In ruling for Total Restoration, the trial court relied on a footnote in *All Clean* where this court observed that we had previously deemed lienable "extensive" repairs to a flooded building. *All Clean*, 2011 UT App 370, ¶ 15 n.4 (citing *Advanced Restoration, LLC v. Priskos*, 2005 UT App 505, ¶¶ 3, 30–31, 126 P.3d 786). The trial court here concluded that Total Restoration had performed "extensive repairs to damaged walls, floors, carpet, and ceiling caused by the flooding," and that Total Restoration's work was therefore lienable under *All Clean* and *Advanced Restoration*. However, the question of whether the work at issue was lienable under the mechanics' lien statute was not before this court in *Advanced Restoration*, as we expressly noted in *All Clean*, 2011 UT App 370, ¶ 15 n.4. Rather, in *Advanced Restoration* we analyzed whether "[a tenant] acted as [the landlord's] implied agent in contracting with Advanced [Restoration] for repair work." 2005 UT App 505, ¶ 16. And "there is no discussion [in *Advanced Restoration*] of whether the work was lienable under the statute." *All Clean*, 2011 UT App 370, ¶ 15 n.4. Because *Advanced Restoration* did not address

the question of lienability, it is of little precedential value on this issue and the trial court's reliance on this footnote in *All Clean* was likely misplaced.

¶15     Nevertheless, we conclude that Total Restoration would not be entitled to a mechanics' lien for the work it performed even under an "extensive repairs" analysis, and we therefore need not further consider the vitality of such an approach. The trial court's findings and the record on appeal demonstrate that, while the flooding may have caused extensive damage to the Merritts' home, Total Restoration did not perform extensive repairs to the home. As discussed above, Total Restoration's work consisted principally of removing water-damaged material from the home, rather than repairing the flood damage by, for example, replacing damaged baseboards, drywall, or insulation with new material. The only repair work attributable to Total Restoration is the repair of the fire-sprinkler system, which itself is nonlienable. *See Daniels*, 771 P.2d at 1102. Thus, we cannot agree with the trial court's determination that Total Restoration performed "extensive repairs" or that Total Restoration's work was otherwise lienable under the mechanics' lien statute. We therefore reverse the trial court's determination that Total Restoration's lien against the Merritts' home is valid and enforceable.

## II. The Trial Court Erred in Awarding Total Restoration Its Attorney Fees.

¶16     The Merritts next challenge the trial court's award of attorney fees to Total Restoration. Generally, the prevailing party in an action brought to enforce a mechanics' lien is entitled to an award of reasonable attorney fees. Utah Code Ann. § 38-1-18 (LexisNexis 2005). Because we conclude that Total Restoration's lien was invalid, it has not prevailed in its action to enforce that lien and is not entitled to an award of attorney fees. We therefore reverse the trial court's award of attorney fees to Total Restoration.[1]

---

1. The Merritts have requested an award of fees as the successful party on appeal. However, because pro se litigants do not incur

(continued...)

### III. The Trial Court Erred in Dismissing the Merritts' Lien-Related Counterclaims.

¶17    Last, the Merritts challenge the trial court's dismissal of their counterclaims for wrongful lien, abuse of lien right, and breach of the covenant of good faith and fair dealing. The trial court dismissed these claims based on its determination that the mechanics' lien recorded by Total Restoration was valid without making factual findings as to the specific elements of the lien-related counterclaims. We therefore view the trial court's dismissal of these claims as a determination that, in the face of the court's ruling that Total Restoration's lien was valid, the Merritts could not establish a prima facie case for wrongful lien, abuse of lien right, or breach of the covenant of good faith and fair dealing based on the recordation of the lien. Because we reverse the trial court's determination that the lien was valid, we also reverse its dismissal of the Merritts' wrongful-lien, abuse-of lien-right, and good-faith-and-fair-dealing counterclaims to the extent they are based on Total Restoration's recordation of the mechanics' lien. We remand to the trial court to consider these claims in light of our decision.[2]

¶18    Because the issue is likely to arise on remand, we also address Total Restoration's argument that because mechanics' liens are authorized by statute, "mechanics' liens, without exception, are never wrongful liens." We agree that, because they are expressly authorized by statute, mechanics' liens generally do not fall within the scope of Utah's Wrongful Lien Act. *See Hutter v. Dig-It, Inc.*, 2009 UT 69, ¶ 52, 219 P.3d 918. However, as this court recently explained in *Bay Harbor Farm, LC v. Sumsion*, a lien claimant may

---

1. (...continued)
attorney fees, they may not recover such fees for successful litigation. *Smith v. Batchelor*, 832 P.2d 467, 473–74 (Utah 1992). Because the Merritts have pursued this appeal pro se, we must deny their request for an award of attorney fees.

2. The Merritts did not challenge the trial court's dismissal of their other counterclaims, and we express no opinion as to the correctness of the trial court's disposition of those counterclaims.

not "escape the reach of the Wrongful Lien Act simply by alleging that his or her lien is 'expressly authorized by statute.'" 2014 UT App 133, ¶ 12, 329 P.3d 46 (quoting *Hutter*, 2009 UT 69, ¶ 52). Rather, the trial court should "consider whether a lien claimant has a good-faith basis for claiming a statutory lien." *Id.* If the claimant has "no plausible basis" for recording a statutory lien, "a court may declare the lien wrongful under the Wrongful Lien Act even if it purports to be one falling into the category of statutorily authorized liens." *Id.*

## CONCLUSION

¶19    The trial court erred in concluding that the work performed by Total Restoration was lienable under the mechanics' lien statute. Because we reverse the trial court's determination that Total Restoration's lien was valid and enforceable, we also reverse the award of attorney fees to Total Restoration under the mechanics' lien statute and the dismissal of the Merritts' lien-related counterclaims.[3]

––––––––––

3. On appeal, the Merritts have challenged neither the trial court's ruling in favor of Total Restoration on the Merritts' liability nor its award of damages to Total Restoration. Our conclusion that Total Restoration's work was not lienable has no effect on the trial court's determinations of liability or damages, and we express no opinion on those issues.