2017 UT App 162

## THE UTAH COURT OF APPEALS

TOTAL RESTORATION INC.,
Appellant,
*v.*
VERNON MERRITT AND SANDRA MERRITT,
Appellees.

Opinion
No. 20160374-CA
Filed August 24, 2017

Third District Court, Silver Summit Department
The Honorable Kara Pettit
No. 090500905

Dana T. Farmer, Attorney for Appellant

Vernon Merritt and Sandra Merritt, Appellees Pro Se

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES STEPHEN L. ROTH and DAVID N. MORTENSEN concurred.[1]

ORME, Judge:

¶1     This case involves a mechanic's lien that, while invalid, was not wrongful. The lien claimant appeals the trial court's order that denied its request for attorney fees and awarded costs to the homeowners. We affirm in part and reverse in part.

¶2     In 2008, the home of Vernon and Sandra Merritt was damaged by flooding after a pipe in their sprinkler system burst. The Merritts' property manager contacted Total Restoration Inc.,

---

1. Judge Stephen L. Roth participated in this case as a member of the Utah Court of Appeals. He retired from the court before this decision issued.

which performed flood-remediation work on the home. Total Restoration was never paid for its services.

¶3      Total Restoration recorded a mechanic's lien against the Merritts' home and eventually sued to foreclose. The Merritts counterclaimed, alleging breach of contract, wrongful lien, and abuse of lien right. The trial court held that Total Restoration's lien was valid. On a prior appeal, we reversed, concluding that Total Restoration's lien was invalid because "[t]he work Total Restoration performed . . . amount[ed] to no more than flood-remediation and minor repairs that [were] not lienable under the mechanics' lien statute." *Total Restoration, Inc. v. Merritt*, 2014 UT App 258, ¶ 13, 338 P.3d 836. We remanded so the trial court could reconsider the Merritts' counterclaims, which it had dismissed as a result of its conclusion that Total Restoration's lien was valid. *Id.* ¶ 17.

¶4      On remand, in considering the Merritts' wrongful lien counterclaim, the trial court determined that the lien, while invalid, was not wrongful. Specifically, the trial court concluded that Total Restoration's lien was plausible because it was recorded before this court issued *All Clean, Inc. v. Timberline Properties*, 2011 UT App 370, 264 P.3d 244, in which we concluded that basic flood-remediation work is not lienable under the mechanic's lien statute. *See id.* ¶¶ 17–19. The trial court declined to award Total Restoration its attorney fees and instead awarded costs—but not attorney fees—to the Merritts under rule 34 of the Utah Rules of Appellate Procedure. Total Restoration appeals.

¶5      Total Restoration raises two arguments on appeal. First, Total Restoration contends that the trial court erred in its application of the Wrongful Lien Act. "We review questions of statutory interpretation for correctness, granting no deference to the district court's decision." *Carter v. University of Utah Med. Center*, 2006 UT 78, ¶ 8, 150 P.3d 467.

¶6 Second, Total Restoration argues that the trial court erroneously awarded costs to the Merritts pursuant to rule 34 of the Utah Rules of Appellate Procedure. "The interpretation of a rule of procedure is a question of law that we review for correctness." *Arbogast Family Trust v. River Crossings, LLC*, 2010 UT 40, ¶ 10, 238 P.3d 1035 (citation and internal quotation marks omitted).

¶7 Total Restoration argues that the Wrongful Lien Act "permits a lien filer to recover attorney's fees if the [challenged] lien is not wrongful." But the operative language of the attorney-fee provision speaks in terms of validity rather than wrongfulness. As the trial court correctly observed, the Wrongful Lien Act provides that "[i]f the court determines that the claim of lien is *valid*, the court *shall* dismiss the petition and *may* award costs and reasonable attorney's fees to the lien claimant." Utah Code Ann. § 38-9-205(5)(c) (LexisNexis 2014) (emphasis added). Because recovering attorney fees requires a lien that is valid, as opposed to one that is merely not wrongful, and because we have already determined that Total Restoration's lien is invalid, *see Total Restoration, Inc. v. Merritt*, 2014 UT App 258, ¶ 17, 338 P.3d 836, Total Restoration does not qualify for a discretionary award of attorney fees under the Wrongful Lien Act.

¶8 Total Restoration's argument assumes that the attorney-fee provisions of the Wrongful Lien Act operate in binary fashion, i.e., that one side or the other will be entitled to attorney fees depending on whether or not the lien is wrongful.[2] In

---

2. At least one of our prior decisions seems to reflect our uncritical acceptance of the position advanced by the parties in that case and our careless application there of Total Restoration's same assumption. In *Bay Harbor Farm, LC v. Sumsion*, 2014 UT App 133, 329 P.3d 46, we reversed the trial court's order

(continued…)

actuality, the act envisions three scenarios, the third of which is typified by this case.

¶9     First, a lien may be valid and, necessarily, not wrongful. In that event, the court may award fees to the lien claimant. *See* Utah Code Ann. § 38-9-205(5)(c) ("If the court determines that the claim of lien is valid, the court shall dismiss the petition and may award costs and reasonable attorney's fees to the lien claimant.").

¶10     Second, a lien may be wrongful, and—necessarily— invalid. In that scenario, the petitioner is entitled to an award of attorney fees. *See id.* § 38-9-205(5)(a) ("If, following a hearing, the court determines that the recorded document is a wrongful lien, the court shall issue an order declaring the wrongful lien void ab initio, releasing the property from the lien, and awarding costs and reasonable attorney fees to the petitioner.").

¶11     Third, as in this case, a lien may be invalid but not wrongful. In that event, there is no basis in the statute for an award of fees to either side. The lien claimant is not entitled to attorney fees because the lien was not valid. *See id.* § 38-9-

---

(…continued)

nullifying an attorney's lien as wrongful and instructed that "the district court 'shall dismiss the petition and may award costs and reasonable attorney's fees to [the lien claimant.]'" *Id.* ¶ 16 (quoting Utah Code Ann. § 38-9-7(5)(c) (LexisNexis 2010)). In retrospect, the authorization to consider a fee award was premature, given that the *validity* of the lien had not yet been determined. *See id.* ¶¶ 11, 13 n.3, 14–15. In the context of the discussion that follows in the instant opinion, *see infra* ¶¶ 9–11, it was not yet clear whether the lien at issue in *Bay Harbor* fell into the first (valid and not wrongful) or third (invalid but not wrongful) category.

205(5)(c). The petitioner is not entitled to a fee award because the lien was not wrongful. *See id.* § 38-9-205(5)(a). In the circumstance of a lien that is invalid but not wrongful, each side bears its own attorney fees. Thus, the trial court did not err in refusing to consider an award to Total Restoration of its claimed attorney fees.

¶12   Total Restoration also contends that the trial court erroneously awarded the Merritts their costs incurred in the prior appeal. Rule 34 of the Utah Rules of Appellate Procedure instructs that "[a] party claiming costs shall, within 15 days after the remittitur is filed with the clerk of the trial court, serve upon the adverse party and file with the clerk of the trial court an itemized and verified bill of costs." Utah R. App. P. 34(d). Here, the Merritts did not submit their bill of costs until close to ten months after the remittitur was filed with the court clerk. Accordingly, the Merritts were not eligible to receive an award of their costs. *See Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.*, 784 P.2d 475, 484 (Utah Ct. App. 1989) (declaring a party ineligible to receive costs after filing the bill of costs close to five months after the deadline prescribed by rule 34), *overruled on other grounds by Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 23 n.7, 82 P.3d 1064. We therefore reverse the trial court's award of costs to the Merritts.

_____