**2023 UT App 43**

## THE UTAH COURT OF APPEALS

FERNWOOD PLACE LC,
Appellant,
*v.*
LAYTON PARTNERS HOLDINGS LP
AND TARANTINO PROPERTIES INC.,
Appellees.

Opinion
No. 20210568-CA
Filed April 27, 2023

Second District Court, Farmington Department
The Honorable David M. Connors
No. 210700109

Douglas M. Durbano, Richard A. Bednar, and
John E. Keiter, Attorneys for Appellant

Scott O. Mercer, Scott S. Bridge, and J. Adam Knorr,
Attorneys for Appellees

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN M. HARRIS
concurred.

MORTENSEN, Judge:

¶1 A holding company recorded a lien against real property owned by a developer. While disputing the lien as wrongful, the developer nevertheless paid the demanded amount. The holding company released the lien. About three-and-a-half years later, the developer sued, asserting a single claim of money damages for wrongful lien. The district court dismissed the complaint as time-barred. Arguing that it had seven years to bring the claim, the developer appeals. We affirm.

BACKGROUND

¶2    From 2015 through 2017, LPH[1] was the manager of a subdivision in Layton, Utah. Fernwood Place LC (Fernwood) owned real property in that subdivision.

¶3    In 2017, Fernwood completed the construction of an apartment complex in the subdivision and was scheduled to close on the sale of that complex on June 3. But on June 2, LPH recorded a notice of lien against Fernwood with the county. The lien demanded just over $20,000 for unpaid maintenance fees and other charges. To avoid a delay in the sale of the apartment complex, Fernwood paid the balance demanded in the notice of lien but reserved the right to assert a claim for wrongful lien against LPH. LPH released the lien in August 2017.

¶4    In February 2021, Fernwood filed a complaint asserting a single cause of action—"Wrongful Lien"—against LPH. Fernwood's complaint asserted that LPH "caused a wrongful lien to be recorded" that "was groundless and contained material misstatements concerning the scope of maintenance allegedly provided to the [s]ubdivision and the amount allegedly owed by Fernwood." As relief, Fernwood sought (1) a finding that LPH "caused a wrongful lien to be recorded against Fernwood's real property," (2) "[a]n award of actual and treble damages" in an amount of at least $10,000, (3) "[a]n award of reasonable attorneys' fees and costs," and (4) further relief as the district court deemed "just and proper." Fernwood did not seek to have the lien nullified, because it had long since been released.

---

1. In 2016, Layton Partners Holdings LP notified Fernwood Place LC that "property accounting functions" would be handled "in house" by its "sister company," Tarantino Properties Inc. For convenience, we refer to Layton Partners Holdings LP and Tarantino Properties Inc. collectively as "LPH."

¶5    LPH moved the district court to dismiss the complaint, arguing that the applicable limitation period was three years and that the complaint was therefore filed too late. *See* Utah Code § 78B-2-305(4) ("An action may be brought within three years . . . for a liability created by the statutes of this state, other than for a penalty or forfeiture under the laws of this state, except where in special cases a different limitation is prescribed by the statutes of this state . . . ."). LPH also asked the court for an award of attorney fees and costs because Fernwood "would have recovered attorney fees and costs if successful in this litigation."

¶6    In opposition to the motion, Fernwood argued that "[t]he Wrongful Lien Act[2] permits a property owner to bring an action against a 'lien clamant' who 'causes a wrongful lien to be recorded in the office of the county recorder against real property.'" (Citing *id.* § 38-9-203(1).) Fernwood noted that the Utah Code defines "lien claimant" as "a person claiming an interest in real property who offers a document for recording or filing with any county recorder in the state asserting a lien, or notice of interest, or other claim or interest in certain real property," *see id.* § 38-9-102(4), and argued that the applicable limitation period was seven years, *see*

---

2. At oral argument before this court, Fernwood argued that its complaint should not be so narrowly construed as to assert only a cause of action under the Wrongful Lien Act. But Fernwood's memorandum opposing the motion to dismiss is unambiguous in asserting that the only cause of action is under that act, going so far as to cite Utah Code section 38-9-203 as the source of the cause of action. And as already noted, Fernwood's complaint identified the cause of action only as a wrongful lien, albeit without citing the statute. Moreover, the relief Fernwood sought in its complaint tracked the very language of the statute describing civil liability for recording a wrongful lien. *See infra* ¶ 12. Thus, there is no indication—apart from Fernwood's later assertion—that Fernwood's cause of action was for anything other than recording a wrongful lien.

*id.* § 78B-2-207(1) ("An action, defense, or counterclaim to an action based upon title to the property or entitlement to the rents or profits from the property shall be brought . . . not later than seven years after the act on which it is based . . . .").

¶7      After briefing and oral argument, the district court granted LPH's motion. Specifically, the court concluded that Fernwood's claim for wrongful lien damages did "not affect title to real property or relate to rents or profits of real property to invoke the seven-year statute of limitations under" Utah Code section 78B-2-207 and that Fernwood's claim related "solely to monetary damages under" Utah Code section 38-9-203. Accordingly, the court determined that Fernwood's "claims [were] subject to a three-year statute of limitations" applicable to actions based on liabilities created by statute. *See id.* § 78B-2-305(4). Noting that LPH had released the notice of lien in August 2017, the court concluded that Fernwood's February 2021 complaint was time-barred. The court ordered that the parties bear their own attorney fees. Fernwood appealed the court's ruling. LPH, however, did not cross-appeal the denial of its claim for attorney fees.

¶8      Fernwood then sought relief from judgment under rule 60(b) of the Utah Rules of Civil Procedure, arguing that the court's determination that a three-year limitation period applied was inconsistent with Utah precedent. Alternatively, it asked the court for leave to amend its complaint to add additional causes of action. Fernwood cited two cases to support its position that the appropriate statute of limitations was seven years: *Turpin v. Cox*, No. 140400253 (Utah 4th Dist., Aug. 20, 2015) (a Utah state district court case), and *Bay Harbor Farm, LC v. Sumsion*, 2014 UT App 133, 329 P.3d 46. The district court denied the rule 60(b) motion, noting that the cases Fernwood cited were "not on point" because "[i]n both cases, the liens at issue were still in effect when the complaints were filed" but here the lien had been "released shortly after it was placed." And because the lien had been removed long before Fernwood's complaint was filed, the court

explained that Fernwood's claim did not affect "title to the property or entitlement to the rents or profits from the property," a necessary condition for application of the seven-year limitation period. (Quoting Utah Code § 78B-2-207.) Instead, Fernwood's claim was "solely for money damages" related to the period when the lien was in place, making it subject to the three-year limitation period. The court also denied the motion for leave to amend, stating that it lacked jurisdiction owing to the pendency of the appeal. Fernwood has not appealed the denial of its motions for relief from judgment or for leave to amend.

## ISSUE AND STANDARD OF REVIEW

¶9     The sole issue on appeal is whether the district court erred in determining that Fernwood's cause of action was subject to a three-year statute of limitations instead of a seven-year statute of limitations.[3] We review "the application of a statute of limitations

---

3. During oral argument before this court, Fernwood attempted to introduce additional issues related to constitutional law and statute-of-limitations claims sounding in contract. Fernwood did not present these issues for consideration by the lower court, and they are not mentioned in Fernwood's briefs. "Parties are required to raise and argue an issue in the trial court in such a way that the court has an opportunity to rule on it. A failure to preserve an issue in the trial court generally precludes a party from arguing that issue in an appellate court, absent a valid exception." *State v. Johnson*, 2017 UT 76, ¶ 18, 416 P.3d 443 (cleaned up). Fernwood has not argued an exception to the preservation requirement; accordingly, we decline to further consider these newly introduced issues.

        For its part, LPH requests attorney fees and costs on appeal, arguing that "because [Fernwood] would have recovered attorney fees and costs if successful in the underlying litigation,

(continued…)

for correctness." *Daniels v. Deutsche Bank Nat'l Trust*, 2021 UT App 105, ¶ 25, 500 P.3d 891 (cleaned up).[4]

---

and could have requested appellate fees and costs" on appeal, this court "should award attorney fees and costs to [LPH] for succeeding in defending this appeal." But LPH did not cross-appeal the district court's separate ruling denying its claim for attorney fees, and so we decline to award them on appeal. *See Evans v. Nielsen*, 2015 UT App 65, ¶ 22, 347 P.3d 32 ("The district court expressly denied attorney fees below, ordering the parties to bear their own costs. [The appellee] has not challenged that decision on appeal. Therefore, we decline to grant attorney fees on appeal.").

4. For some time, various judges on this court have been using the parenthetical "(cleaned up)" to enhance the readability of our opinions. *See State v. Cady*, 2018 UT App 8, ¶ 9 n.2, 414 P.3d 974, *cert. denied*, 421 P.3d 439 (Utah 2018). Our opinions also employ the parenthetical "(quotation simplified)," which is identical in meaning to "(cleaned up)." *See In re K.W.*, 2018 UT App 44, ¶ 15 n.3, 420 P.3d 82. Both parentheticals indicate the omission of internal quotation marks, brackets, ellipses, emphases, internal citations, and footnote signals in published sources, as well as the traditional parenthetical notation referencing a prior case or cases being quoted. Ellipses indicate all other omissions. We also use these parentheticals to make unbracketed changes to capitalization. Apart from capitalization, alterations to words in the source are indicated by brackets.

These parentheticals are powerful editing tools because they make legal writing less tedious, more streamlined, and more concise. But their appeal begets a temptation to misuse them. And we acknowledge that we have, at times, ventured too far by using them with (1) quotations from unpublished sources not readily available to the public (namely, briefs, lower court documents,

(continued…)

ANALYSIS

¶10   In this case, we are asked to determine which statute of limitations applies to a claim for damages proceeding from a wrongful lien when the lien in question has been released.

¶11   Fernwood asserts that its cause of action concerns title to property, and on that basis, it asserts that the applicable limitation period is seven years:

> An action, defense, or counterclaim to an action based upon title to the property or entitlement to the rents or profits from the property shall be brought . . . not later than seven years after the act on which it is based . . . .

Utah Code § 78B-2-207(1).[5] But LPH argues that Fernwood's cause of action does not concern title to property and, instead, is based

---

and transcripts) and (2) quotations of parenthetical language from cases citing other cases. To be more transparent and precise, we intend to limit our employment of these parentheticals to the circumstances identified in the above paragraph, and we expect practitioners who choose to employ these devices to abide by these same strictures. So that consistency of use might be achieved, the publishers of *The Bluebook* may wish to adopt rules similar to those proffered by Jack Metzler. *See* Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143, 154–55 (2017).

5. In a true quiet title action, there is no statute of limitations. *See In re Hoopiiaina Trust*, 2006 UT 53, ¶ 27, 144 P.3d 1129 ("When a party asserts a quiet title claim in which that party merely requests that the court adjudicate the validity of an opponent's adverse or hostile claim to property to which the party already holds title, no statute of limitations applies.").

on a liability created by state statute. On that basis, LPH asserts that the applicable limitation period is three years:

> An action may be brought within three years . . . for a liability created by the statutes of this state, other than for a penalty or forfeiture under the laws of this state, except where in special cases a different limitation is prescribed by the statutes of this state . . . .

*Id.* § 78B-2-305(4).

¶12 In our view, LPH has the better of the argument. This determination is driven by the remedy Fernwood sought in its complaint. Fernwood did not bring a claim to nullify a lien, a remedy that is available both under the wrongful lien statute, *see id.* § 38-9-205(1) ("A record interest holder of real property against which a wrongful lien is recorded may petition the district court in the county in which the document is recorded for summary relief to nullify the wrongful lien."), as well as at common law, *see Esther M. Mertz Trust v. Fox Meadow Partners*, 288 A.D.2d 338, 340 (N.Y. App. Div. 2001) (stating that an action "to set aside a recorded instrument relating to real property" "could have been maintained at common law"). Fernwood could not have brought such a claim at the time it filed its complaint, because by then there was no longer any lien to nullify. It is undisputed that LPH released the lien a few months after it was recorded and after Fernwood had paid the amount demanded. Instead of seeking to nullify a lien, Fernwood sought an award of treble damages pursuant to Utah's wrongful lien statute.[6] The nature of

---

6. Treble damages for a wrongful lien is a liability that does not exist but for the statute. This liability does not exist in a common law nullification action. *See Esther M. Mertz Trust v. Fox Meadow Partners*, 288 A.D.2d 338, 339–40 (N.Y. App. Div. 2001).

Fernwood's cause of action is revealed by the relief it sought. Fernwood's complaint stated,

> LPH . . . [is] liable to Fernwood for actual and treble damages (which shall be no less than $10,000) and for reasonable attorneys' fees and costs for causing a wrongful lien to be recorded against [Fernwood's property in the subdivision].

This language closely tracks the statutory language establishing a cause of action and civil liability concerning damages for recording a wrongful lien:

> A person is liable to the record owner of real property for $10,000 or for treble actual damages, whichever is greater, and for reasonable attorney fees and costs, who records or causes to be recorded a wrongful lien in the office of the county recorder against the real property, knowing or having reason to know that the document . . . is a wrongful lien . . . .

Utah Code § 38-9-203(3). Thus, the damages that Fernwood requested mirror the very liability created by statute—namely, "treble actual damages (which shall be no less than $10,000)"—for recording a wrongful lien. This statutory liability, unless otherwise specified, has a limitation period of three years. *See id.* § 78B-2-305(4).

¶13    The seven-year statute of limitations sought by Fernwood and prescribed by Utah Code section 78B-2-207 cannot apply here because Fernwood did not ask for relief "based upon title to the property or entitlement to the rents or profits from the property." *Id.* § 78B-2-207(1). The title to the property or entitlement to rents or profits from the property were simply not at play in Fernwood's claim. What was at play were the damages that Fernwood claims to have suffered as a result of the allegedly wrongful lien that LPH recorded against the property. And while

the damages Fernwood sought admittedly stemmed from its interest in the property, that remedy was not—nor could have been—based on the title to the property. The title simply was not in dispute—at least after LPH released the lien. In other words, the outcome of Fernwood's cause of action (if it had been allowed to proceed) would have in no way impacted the property rights of any party because no title dispute was on the table.

¶14     In sum, the damages that Fernwood sought—even though they were related to the property—do not somehow turn its cause of action into a lien-nullification action accompanied by a seven-year limitation period. Instead, Fernwood's cause of action started as and remained a claim seeking damages under a liability created by the statutes of this state, and it therefore fell under the three-year statute of limitations. Accordingly, we find no error in the district court's determination that Fernwood's claim was time-barred.

CONCLUSION

¶15     Having determined that the district court correctly applied a limitation period of three years to Fernwood's claim of damages for an alleged wrongful lien, we affirm.

————————