2006 UT 78

Daniel CARTER, individually and on behalf of the heirs of Marjorie Carter and on behalf of the Estate of Marjorie Carter, Plaintiff and Appellee,

v.

UNIVERSITY OF UTAH MEDICAL CENTER and Crestwood Care Center, Defendants and Appellant.

No. 20051087.

Supreme Court of Utah.

Dec. 5, 2006.

James R. Hasenyager, Peter W. Summerill, Ogden, for appellee.

David G. Williams, Rodney R. Parker, Terence L. Rooney, Bradley R. Blackham, Salt Lake City, for appellant.

DURHAM, Chief Justice:

## INTRODUCTION

¶1 This case comes before this court as the result of a venue dispute. Specifically, University of Utah Medical Center (University Hospital), a state entity, argues that venue is appropriate only in Salt Lake County, while Mr. Carter argues that venue is also appropriate in Weber County. The question before us is whether the venue provision in the Governmental Immunity Act of Utah controls the county in which Mr. Carter may file his cause of action. We hold that it does.

## BACKGROUND

¶2 In December 2002, Marjorie Carter injured her hip and shortly thereafter began a series of operations and medical procedures. Mrs. Carter received treatment between January 30, 2003, and February 15, 2003, at both University Hospital, located in Salt Lake County, and Crestwood Care Center (Crestwood), located in Weber County. On February 15, 2003, Mrs. Carter was diagnosed with a methicillin resistant staph infection; she died later that year.

¶3 Following her death, Mrs. Carter's husband filed a wrongful death suit against University Hospital and Crestwood in the district court in Weber County. Mr. Carter's complaint alleged that either University Hospital or Crestwood, or both, caused the staph infection, which, according to Mr. Carter, caused or directly contributed to Mrs. Carter's death.

¶4 In response to the complaint, University Hospital moved the district court to dismiss the case for improper venue. University Hospital is a state entity. See Utah Code Ann. § 63-30d-102(9) (2004). Thus, it argued that the Utah Governmental Immunity Act (the Act), Utah Code Ann. §§ 63-30d-101 to -904 (2004 & Supp.2006), controls. The venue provision in the Act states, in part, that "[a]ctions against the state may be brought in the county in which the claim arose or in Salt Lake County." *Id.* § 63-30d-502(1). Because all of the treatment Mrs. Carter received from University Hospital was given in Salt Lake County, University Hospital argued that any claim against it must have arisen in Salt Lake County. Therefore, it argued, Salt Lake County is the only permissible venue under the Act.

¶5 Mr. Carter opposed University Hospital's motion by arguing that venue is governed by Utah Code section 78-13-7 (2002), and not section 63-30d-502 or its predecessor.[1] Section 78-13-7 is the general

---

1. In his brief, Mr. Carter contends that Utah Code section 63-30-17 (1997) (repealed 2004), the predecessor of section 60-30d-502, is the applicable statute because section 63-30d-502 did not take effect until July 1, 2004, while Mrs. Carter died in 2003. However, section 63-30d-502 is the applicable statute in this case because its effect is procedural rather than substantive, and Mr. Carter's case was filed with the district court on March 22, 2005, after the new statute had taken effect. Statutes affecting procedure apply to cases *filed* after the effective date, regardless of when the claim actually arose. *Carlucci v. State Indus. Comm'n*, 725 P.2d 1335, 1336-37 (Utah 1986). This point has no effect on the outcome of this case, however, because the language of section 63-30d-502 is the same as that of its predecessor, section 63-30-17.

venue provision located in the Judicial Code. It states, in pertinent part, "In all other cases the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action." Utah Code Ann. § 78–13–7.

¶ 6 The district court denied University Hospital's motion to dismiss, reasoning that section 63–30d–502(1) is not mandatory because it provides only that "[a]ctions against the state *may* be brought in the county in which the claim arose or in Salt Lake County." *Id.* § 60–30d–502(1) (emphasis added). Specifically, the district court held:

> In performing its analysis as to which venue provision is appropriate in this instance, the Court finds that Section 63–30d–502 uses the word "may" when addressing actions against the State, whereas Section 78–13–7 uses the word "must." The Court finds this distinction to be significant. The Court interprets "may," as used in Section 63–30d–502, to mean that it is not mandatory that actions against the state be brought where specified in the statute. Therefore, the Court finds that Section 78–13–7 is applicable and that venue is proper.

¶ 7 After the district court denied its motion, University Hospital filed a petition for interlocutory appeal with this court, which was granted. We have jurisdiction pursuant to Utah Code section 78–2–2(3)(j) (2002).

## STANDARD OF REVIEW

¶ 8 This appeal involves a question of statutory interpretation. We review questions of statutory interpretation for correctness, granting no deference to the district court's decision. *John Holmes Constr., Inc. v. R.A. McKell Excavating, Inc.*, 2005 UT 83, ¶ 6, 131 P.3d 199.

## ANALYSIS

¶ 9 In this case, "we are faced with two statutes that purport to cover the same subject." *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327, 331 (Utah 1997). To determine which statute controls, we "follow the general rules of statutory construction." *Id.* When we engage in statutory construction, "our primary goal ... is to evince 'the true intent and purpose of the Legislature [as expressed through] the plain language of the Act.'" *Hall v. Dep't of Corr.*, 2001 UT 34, ¶ 15, 24 P.3d 958 (alteration in original) (quoting *Jensen v. Intermountain Health Care, Inc.*, 679 P.2d 903, 906 (Utah 1984)). Determining the legislature's intent requires that "we seek to render all parts [of the statute] relevant and meaningful, and we accordingly avoid interpretations that will render portions of a statute superfluous or inoperative." *Id.* (internal citation and quotation marks omitted). Thus, when we are confronted with two statutory provisions that conflict, "the provision more specific in application governs over the more general provision." *Id.* Keeping these principles in mind, we now turn to whether the venue provision in the Act or the general venue provision controls.

¶ 10 Because our primary goal in interpreting statutes is to "ascertain the true intent and purpose of the Legislature," *id.* (internal quotation marks omitted), we begin by addressing the legislature's purpose in passing the Governmental Immunity Act, Utah Code Ann. §§ 63–30d–101 to –904 (2004 & Supp. 2006). The legislature stated the Act's scope and purpose as follows: "This single, comprehensive chapter *governs all* claims against governmental entities." *Id.* § 63–30d–101(2)(b) (emphasis added). We have recognized that the "'allowance of a claim against [a governmental entity] is a statutorily created exception to the Doctrine of Sovereign Immunity. Inasmuch as the maintenance of such a cause of action derives from such statutory authority, a prerequisite thereto is meeting the conditions prescribed in the statute.'" *Davis v. Cent. Utah Counseling Ctr.*, 2006 UT 52, ¶ 42, 147 P.3d 390 (quoting *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335, 1336–37 (1972)).

¶ 11 Keeping the legislature's purpose in mind, we turn now to our rules of statutory construction. The district court held that the Act's venue provision was not controlling in this case because it provides only that a suit *"may"* be brought in the county in which the claim arose or in Salt Lake County. We disagree with the district court's conclusion that "may" in this instance is not mandatory

because such an interpretation renders a portion of the statute "superfluous or inoperative," a result we attempt to avoid when construing statutes. *Hall,* 2001 UT 34, ¶ 15, 24 P.3d 958. Interpreting "may" in section 63–30d–502(1) as optional renders redundant that section's provision that "[a]ctions … may be brought in the county in which the claim arose." Utah Code Ann. § 63–30d–502(1). The general venue statute, Utah Code section 78–13–7, also provides a litigant with the right to bring a suit "in the county in which the cause of action arises." *Id.* § 78–13–7. Thus, if we interpret the language in section 63–30d–502(1) as optional, the provision that permits a litigant to bring suit against the state "in the county in which the claim arose" instead of Salt Lake County is unnecessary.

¶ 12 On the other hand, interpreting section 63–30d–502(1) as the only venue provision applicable to cases brought against the state prevents this superfluous construction because the two statutes' similar clauses will not both apply to the same situation. Rather, section 78–13–7 will apply only to situations where neither the Act's venue provision nor any other venue provision controls. In other words, section 78–13–7 will function as a general catch-all provision, which, considering the statute's plain language, is what the legislature intended. *See id.* § 78–13–7 ("*In all other cases* the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action." (emphasis added)). Indeed, we have previously recognized that "[section] 78–13–7 applies only when no other [venue] provision applies." *Jorgensen v. John Clay & Co.,* 660 P.2d 229, 231 (Utah 1983). This construction is consistent with our rule that "the [statutory] provision more specific in application governs over the more general provision." *Hall,* 2001 UT 34, ¶ 15, 24 P.3d 958.

2. Utah Code section 78–13–9 (Supp.2006) as a whole reads as follows:

The court may, on motion, change the place of trial in the following cases:
(1) when the county designated in the complaint is not the proper county;
(2) when there is reason to believe that an impartial trial cannot be had in the county, city, or precinct designated in the complaint;

¶ 13 Moreover, an interpretation that "may" is merely permissive does not effectuate the legislative purpose of the Act. When interpreting statutory language, "[w]e read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." *Miller v. Weaver,* 2003 UT 12, ¶ 17, 66 P.3d 592. We think construing "may" as mandatory is harmonious with the legislative intent underlying the Act, namely, to provide a protocol that must be followed by those seeking to file a claim against the government. In other words, the Act creates a "filing privilege" in favor of the state. Thus, the Act's venue provision applies in this case, and Mr. Carter must file in the county where the claim arose or in Salt Lake County.

¶ 14 We note that section 63–30d–502(1) places a mandatory limitation only on where an action against the state may be "brought." After a case has been properly filed in a venue provided for by section 63–30d–502(1), there is nothing to prevent a party from moving for a change of venue pursuant to the general law of venue. Utah Code section 78–13–9 provides that a court may grant a motion for a change of venue if "there is reason to believe that an impartial trial cannot be had" in the current venue or "convenience of witnesses and the ends of justice would be promoted by the change." Utah Code Ann. § 78–13–9(2), (3) (Supp.2006). Thus, after filing a suit in one of the venues provided for by section 63–30d–502(1), a party may move for a change of venue pursuant to section 78–13–9.[2] This provision is designed to permit litigants to avoid hardship or injustice otherwise caused by venue requirements. We offer no view as to whether the facts of this case would support a change of venue to Weber County.

(3) when the convenience of witnesses and the ends of justice would be promoted by the change;
(4) when all the parties to an action, by stipulation or by consent in open court entered in the minutes, agree that the place of trial may be changed to another county.

We mention the point only to draw attention to the fact that even though section 63–30d–502(1) creates a mandatory restriction on where suits against the state may be filed, it does not prevent the application of general change-of-venue principles.

## CONCLUSION

¶ 15 Utah Code section 63–30d–502(1) is the controlling venue provision in this action against University Hospital. Accordingly, Salt Lake County is the only venue where the action may be properly filed. We therefore reverse the district court's decision and remand for an order transferring venue to Salt Lake County.

¶ 16 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.