2020 UT App 149

## THE UTAH COURT OF APPEALS

IN THE MATTER OF THE ADOPTION OF B.F.S.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

HEART TO HEART ADOPTIONS INC.,
Appellant.

Opinion
No. 20190933-CA
Filed November 5, 2020

Third District Court, Tooele Department
The Honorable Matthew Bates
No. 192300046

Lonn Litchfield, Attorney for Appellant

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and KATE APPLEBY concurred.

MORTENSEN, Judge:

¶1    Heart to Heart Adoptions Inc. (the Agency) appeals the district court's denial and dismissal of its petition for a determination of rights and interests in B.F.S. (Child) and an order for temporary custody on the bases of improper venue and Child's best interests. We reverse.

## BACKGROUND

¶2    Child was born in Michigan in March 2019. Shortly thereafter, Child's unwed mother executed a consent to Child's adoption and relinquished Child to the Agency, a licensed child-placing agency in Utah. The Agency sought to place Child with potential adoptive parents in Minnesota. The Agency filed a petition in Utah's Third District Court for a determination of

rights, *see* Utah Code Ann. § 78B-6-109 (LexisNexis 2018), and for an order of temporary custody, *see id.* § 78B-6-134 (2018), to facilitate Child's adoption.

¶3 Though the petition was unopposed, the court denied and dismissed it. Citing Utah Code section 78B-6-105(1), the court found that Utah was not a proper venue because Child was not born in Utah and the prospective adoptive parents did not reside in Utah. Citing Utah Code section 78B-6-102(1), the court also found that Child's best interests were not served by resolution of the petition by a Utah court "that has no interest in the placement of [Child]."

¶4 The Agency appealed.[1] During oral argument, the Agency indicated the determination sought in the underlying action subsequently may have been adjudicated in another court. This court requested additional briefing on the issue of mootness. Following briefing, we conclude the public interest exception applies and proceed to resolve the issues appealed.[2]

---

1. This action was unopposed at the district court and remains unopposed on appeal. In connection with proceedings that "involve[] the termination and creation of parental rights," this action falls within "the constitutional grant of judicial power to the courts," and it is appropriate for our court to review the action "despite the lack of adversariness." *In re Gestational Agreement*, 2019 UT 40, ¶ 18, 449 P.3d 69.

2. The Agency's supplemental brief indicates that Child's adoption was finalized in Minnesota in November 2019, arguably rendering this action moot. Nevertheless, because we conclude that the public interest exception applies in these circumstances, we reach the issues appealed. We recognize "an exception to the mootness doctrine when the case: (1) affects the

(continued…)

ISSUES AND STANDARDS OF REVIEW

¶5     The Agency asserts that the district court erred in denying and dismissing the petition by arguing the court misinterpreted Utah Code section 78B-6-105(1). "We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." *In re adoption of B.N.A.*, 2018 UT App 224, ¶ 8, 438 P.3d 10 (cleaned up).

¶6     The Agency also contends that the court erred in denying and dismissing the petition based on the court's determination of Child's best interests under Utah Code section 78B-6-102(1). When reviewing a decision regarding a prospective adoptee's best interests, we afford the district court's decision "a high degree of deference." *In re J.M.*, 2020 UT App 52, ¶ 24, 463 P.3d

---

(…continued)
public interest, (2) is likely to recur, and (3) because of the brief time that any one litigant is affected, is likely to evade review." *Timothy v. Pia, Anderson, Dorius, Reynard & Moss LLC*, 2019 UT 69, ¶ 32, 456 P.3d 731 (cleaned up). The present appeal is one of three submitted to us on almost identical facts. In each case, the district court ruled that Utah courts could not entertain the petition for a determination of rights based on grounds addressed here. In each case, when the court denied relief, the Agency was forced to await the determination of rights in the courts of another state where the eventually identified adoptive parents resided. Accordingly, these issues are not only likely to recur, but have recurred. Additionally, awaiting appellate review delays the finalization of the adoption. Furthermore, these issues are important to Utah adoption agencies and potential adoptees, and will continue to evade review. Because facilitating the adoption of children in the custody and control of Utah adoption agencies is in the public interest, we exercise our discretion to reach the merits in this case.

66 (cleaned up). We will reverse only for clear error, "which we find when the result is against the clear weight of the evidence or leaves us with a firm and definite conviction that a mistake has been made." *Id.* (cleaned up).

## ANALYSIS

## I.

¶7     The Agency argues that the district court erred in dismissing the petition based on the court's conclusion under Utah Code section 78B-6-105 that venue was improper in Utah. We agree.

¶8     To begin, the statute provides,

> Adoption proceedings shall be commenced by filing a petition with the clerk of the district court either:
>> (a) in the district where the prospective adoptive parent resides;
>> (b) if the prospective adoptive parent is not a resident of this state, in the district where:
>>> (i) the adoptee was born;
>>> (ii) the adoptee resides on the day on which the petition is filed; or
>>> (iii) a parent of the proposed adoptee resides on the day on which the petition is filed; or
>> (c) with the juvenile court as provided in Subsection 78A-6-103(1).

Utah Code Ann. § 78B-6-105(1) (LexisNexis 2018). In the case of *In re adoption of B.N.A.*, 2018 UT App 224, 438 P.3d 10, we recognized that section 78B-6-105(1) is the venue statute for adoption proceedings. *Id.* ¶ 24. Adoption proceedings seek judicial acts creating a parent-child relationship and terminating

the parental rights of others with respect to the proposed adoptee. *See* Utah Code Ann. § 78B-6-103(2) (2018); *In re adoption of B.H.*, 2020 UT 64, ¶ 37. A determination of rights and interests in a child is not an adoption proceeding but is precursory to the adoption petition.[3] *See* Utah Code Ann. § 78B-6-109 (2018) (determination of rights prior to adoption petition). Therefore, the venue provision in section 78B-6-105 does not apply to a petition for a determination of rights under section 78B-6-109 brought pursuant to section 78B-6-134 for an order of temporary custody.

¶9    Neither section 78B-6-109 nor section 78B-6-134 contains a venue provision. Accordingly, a petition for a determination of rights and an order of temporary custody is controlled by the general catch-all venue provision. *See Carter v. University of Utah Med. Center*, 2006 UT 78, ¶ 12, 150 P.3d 467 (holding that the general catch-all venue provision applies when neither an act's venue provision nor any other venue provision controls). That provision states, "In all other cases an action shall be tried . . . in any county designated by the plaintiff in the complaint," "[i]f

---

3. We note that adoption agencies do not always have prospective adoptive parents identified for a child when a petition is filed. Nonetheless, an agency has an interest in the determination of rights in a child to establish control and custody of the prospective adoptee and to facilitate a future adoption. It thus makes little sense to deny an adoption agency the benefit of the law based on a venue provision premised on the location of prospective adoptive parents—who may not have been identified yet. And the language of the statute does not dictate such an outcome. Although the legislature may amend the venue provision to expressly provide for venue in a district in which an adoption agency operates to prevent confusion, the absence of that language does not call for the result reached by the district court in this case.

none of the defendants resides in this state." Utah Code Ann. § 78B-3-307(1), (3) (LexisNexis 2018). The action in this case is not contested and has no defendants or respondents. As such, the Agency was entitled to adjudication of the petition in the district where it was filed. Accordingly, the district court erred in dismissing the petition for lack of venue.

## II.

¶10    The Agency also contends the district court erred in denying and dismissing the petition based on the court's determination of Child's best interests under Utah Code section 78B-6-102(1). We agree.

¶11    Section 78B-6-102 sets out our legislature's intent for the Utah Adoption Act, including the "desire . . . that in every adoption the best interest of the child should govern and be of foremost concern in the court's determination." Utah Code Ann. § 78B-6-102(1) (LexisNexis 2018). Assuming that this intent extends to the action at issue, we conclude it was in Child's best interests for the district court to adjudicate the Agency's petition.

¶12    The Agency is Utah based. As such, it is regulated by Utah law, and Utah has an interest in ensuring the Agency conducts its business accordingly. Likewise, Utah has an interest in ensuring the Agency receives the benefits and protections of Utah law. Utah also has an interest in protecting adoptees who are in the custody and control of Utah-based agencies, regardless of whether those adoptees are born in or placed with adoptive parents in Utah.

¶13    Additionally, "the state has a compelling interest in providing stable and permanent homes for adoptive children in a prompt manner, [and] in preventing the disruption of adoptive placements." *Id.* § 78B-6-102(5)(a); *In re adoption of K.T.B.*, 2020 UT 51, ¶ 42, 472 P.3d 843 (quoting same); *see also In re adoption of J.S.*, 2014 UT 51, ¶ 41, 358 P.3d 1009 (state's strong interest in

immediate and secure adoptions for eligible newborns); *In re adoption of B.B.D.*, 1999 UT 70, ¶ 14, 984 P.2d 967 (state's compelling interest in adoption process). And both the state and a child have a complementary interest in achieving "a determination that a child can be adopted" and doing so in a manner that is "final as well as immediate." *Wells v. Children's Aid Society of Utah*, 681 P.2d 199, 203 (Utah 1984), *abrogated on other grounds by In re adoption of J.S.*, 2014 UT 51, 358 P.3d 1009; *see also In re adoption of B.Y.*, 2015 UT 67, ¶¶ 32, 46 n.10, 356 P.3d 1215 (state's interests in facilitating adoption expeditiously and speedily identifying persons to assume parental role). These interests are present whether the prospective adoptee originates from Utah, is intended to be placed in Utah, resides in Utah, or is in the custody and control of a Utah-based agency. Here, the Agency is Utah based and had custody and control of Child. Therefore, both the Agency and Child were entitled to the protections and benefits of Utah law.

¶14 The denial of the petition impeded the determination that Child could be adopted. The court's order denied Child the stability the legislature sought to effectuate in passing the Utah Adoption Act. The court's finding that the petition should be adjudicated in a "state in which the prospective parents live or the state in which the child was born or resides, not a state, like Utah, that has no interest in the placement of the child," was therefore clearly erroneous.

CONCLUSION

¶15 We conclude that the district court erred in dismissing the Agency's petition for a determination of rights and interests in Child and for an order of temporary custody on the grounds of venue. We also determine that the court clearly erred in so doing based on its determination of Child's best interests. Reversed.

———————