# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00052-COA

IN THE MATTER OF A.L.C.: HEART TO                    APPELLANT
HEART ADOPTIONS, INC.

v.

MARCUS WILLIAMSON, KARA WALKER,                    APPELLEES
AND DELOISE CALICUTT

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2023 |
| TRIAL JUDGE: | HON. LAWRENCE LEE LITTLE |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WALTER ALAN DAVIS |
| ATTORNEY FOR APPELLEES: | EDWARD DUDLEY LANCASTER |
| NATURE OF THE CASE: | CIVIL - ADOPTION |
| DISPOSITION: | AFFIRMED - 02/17/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND LASSITTER ST. PÉ, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     This appeal stems from a Utah District Court judgment terminating the parental rights of Marcus Williamson with regard to his minor child, A.L.C.[1] Heart to Heart Adoptions Inc., an adoption agency operating out of Utah, enrolled the Utah judgment terminating Williamson's parental rights with the Marshall County Chancery Court. Williamson filed an opposing motion, arguing that the judgment was not entitled to full faith and credit because Utah did not have jurisdiction to determine Williamson's parental rights. After a hearing, the chancery court denied the judgment full faith and credit.

---

[1] For privacy purposes, we use initials for the minor child's name.

¶2.     Heart to Heart Adoptions now appeals.  After our review, we find that the Utah judgment is not a "child custody determination" that may be registered under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  We therefore affirm the chancery court's judgment.

**FACTS**

¶3.     In 2020, Kara Walker gave birth to A.L.C. in Mississippi.  Although not listed on A.L.C.'s birth certificate as the child's father, DNA testing confirmed that Williamson is A.L.C.'s biological father.  At all times between the dates of April 2021 and May 29, 2022, A.L.C. was in the physical custody of either Walker, Williamson, or members of Williamson's family.

¶4.     On May 29, 2022, Walker removed A.L.C. from Williamson's home, claiming that she would return him in a few days.  On June 2, 2022, Walker unilaterally placed A.L.C. for adoption with Heart to Heart Adoptions.  Heart to Heart Adoptions then placed A.L.C. in the care of his prospective adoptive parents, Taylor and Amanda Wood.

¶5.     On June 15, 2022, Heart to Heart Adoptions filed a petition in the Utah District Court, Third Judicial District,[2] asking the court to determine that Heart to Heart Adoptions has legal custody and control of A.L.C.; that A.L.C.'s biological parents have no parental rights over him; and that A.L.C. is available to be adopted.[3]

_____

[2] Under Utah law, a "determination of rights" action may proceed in Utah when a Utah-based adoption agency is involved.  *In re Adoption of B.F.S.*, 478 P.3d 46, 49-50 (¶¶9-13) (Utah Ct. App. 2020).

[3] Utah has two different statutes providing for the termination of parental rights: (1) the Termination of Parental Rights Act, Utah Code Ann. § 78A-6-504(1), and (2) the

¶6.     As required by the Utah Adoption Act, Heart to Heart Adoptions notified Williamson that an adoption proceeding had commenced in the Utah District Court regarding A.L.C. *See* Utah Code Ann. § 78B-6-110. Williamson ultimately obtained counsel in Utah and successfully intervened in the matter. The Utah District Court found that because Williamson voluntarily intervened in the matter, Williamson had submitted himself to the personal jurisdiction of the court.

¶7.     The docket from the Utah District Court reflects that on July 15, 2022, the Woods filed a petition to adopt A.L.C. This petition was filed in a separate proceeding from the petition to terminate Williamson's parental rights and therefore has a different cause number. The docket shows that on February 28, 2023, District Court Judge Kent Holmberg dismissed the adoption petition due to inactivity.

---

termination of parental rights under the Adoption Act, Utah Code Ann. §§ 78B-6-112(5)(a)-(d). *In re Adoption of B.H.*, 474 P.3d 981, 988 (¶¶33-37) (Utah 2020). In the case before us, Heart to Heart Adoptions filed its petition for determination of parental rights under the Adoption Act.

     The Utah Adoption Act states that "a district court has jurisdiction to hear and decide a petition to terminate parental rights in a child if the party who filed the petition is seeking to terminate parental rights . . . for the purpose of facilitating the adoption of the child." *In re Adoption of R.B.F.S.*, 258 P.3d 583, 587 (¶14) (Utah 2011) (emphasis added) (quoting Utah Code Ann. § 78B-6-112(1)). The Adoption Act "further specifies that 'a petition to terminate parental rights under this section may be: (a) joined with a proceeding on an adoption petition; or (b) filed as a separate proceeding.'" *Id*. (quoting Utah Code Ann. § 78B-6-112(2)). The Utah Supreme Court has clarified that under the Adoption Act, "a district court has jurisdiction to consider a termination petition only when the petition (a) is filed to facilitate a specific adoption and (b) is either joined with a proceeding on an adoption petition or filed as a separate proceeding to a proceeding on an adoption petition." *Id*. at 588 (¶17). Here, Heart to Heart Adoptions filed its petition seeking to terminate Williamson's parental rights for the purpose of facilitating A.L.C.'s adoption. As allowed by the Adoption Act, Heart to Heart Adoptions' petition was filed as a separate proceeding from the Woods' adoption petition.

¶8.    On August 30, 2023, after the adoption petition was dismissed, District Court Judge Matthew Bates entered an order terminating the parental rights of Walker and Williamson. The Utah District Court found that Williamson failed to support Walker during her pregnancy, which "effected an implied, irrevocable consent to [A.L.C.]'s adoption pursuant to Utah Code [section] 78B-6-120.1(3)(a)." The Utah District Court acknowledged that at the time of its order, A.L.C. had been returned to Mississippi in compliance with a July 2023 order from the Marshall County Chancery Court. A.L.C. now resides with Williamson in Marshall County, Mississippi, in the home of Williamson's grandmother, Delois Calicutt.

¶9.    In October 2023, Heart to Heart Adoptions attempted to register the August 30, 2023 judgment terminating Williamson's parental rights with the Marshall County Chancery Court. Williamson filed a motion contesting the registration of the Utah judgment, arguing that Utah did not have jurisdiction over the adoption or jurisdiction to determine Williamson's parental rights.

¶10.    The chancery court held a hearing on the matter of whether to afford full faith and credit to the Utah judgment terminating his parental rights. After the hearing, the chancery court entered an order on December 15, 2023, finding that the Utah District Court's termination judgment was not entitled to full faith and credit in Mississippi. The chancellor based his decision on his finding "that there was significant extrinsic fraud exercised by both [Walker] and Heart to Heart [Adoptions] in coercing Marcus Williamson into the Utah court system where he had no possibility of prevailing . . . ." The chancellor accordingly found that Williamson was denied due process.

¶11. Heart to Heart Adoptions now appeals the chancery court's order declining full faith and credit to the Utah judgment terminating Williamson's parental rights.

## STANDARD OF REVIEW

¶12. "This Court will not disturb the decision of a chancellor that is supported by substantial evidence unless the chancellor's decision was manifestly wrong, clearly erroneous, or an incorrect legal standard was applied." *Sapukotana v. Sapukotana*, 179 So. 3d 1105, 1111 (¶17) (Miss. 2015).

## DISCUSSION

¶13. In October 2023, Heart to Heart Adoptions attempted to register the Utah judgment terminating Williamson's parental rights with the chancery court pursuant to the UCCJEA. The UCCJEA permits registration of a "*child custody determination* issued by a court of another state." Miss. Code Ann. § 93-27-305(1) (Rev. 2021) (emphasis added). The UCCJEA defines a "child custody determination" as "a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order." Miss. Code Ann. § 93-27-102(c) (Rev. 2021).

¶14. At the hearing in the chancery court, counsel for Heart to Heart Adoptions argued that the Utah order terminating Williamson's parental rights was "not a child custody determination," and therefore "[t]he UCCJEA doesn't apply." We agree. We recognize that an order terminating parental rights may be a "child custody determination" under the UCCJEA if it also addresses custody or visitation. *See* Miss. Code Ann. § 93-27-102(d)

5

(defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for . . . termination of parental rights . . . in which the issue may appear."). During the hearing, counsel for Heart to Heart Adoptions informed the chancellor that the Utah order terminating Williamson's parental rights "did not grant custody . . . [or] visitation to anyone." Our review of the Utah order confirms that it did not address issues of custody or visitation. Accordingly, the order is not a "child custody determination" that may be registered under the UCCJEA.

## CONCLUSION

¶15. After our review, we find that the Utah judgment terminating Williamson's parental rights was not a child custody determination that may be registered under the UCCJEA. We therefore affirm the chancery court's judgment. *See Johnson v. Johnson*, 76 So. 3d 781, 786 (¶22) (Miss. Ct. App. 2011) ("[T]his Court may affirm a chancellor's judgment for reasons different than those cited by the chancellor.").

¶16. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**